THE STATE, *Appellant*, v. DAGGS *et al.*

DIVISION TWO.

1.   Criminal Law : CHEATING AND DEFRAUDING : INDICTMENT.   An indictment under Revised Statutes, 1879, section 1335, for cheating and defrauding, which alleges the purchase of property to be paid for on delivery with certain notes, and that defendant after obtaining possession of the property under the contract of purchase sold it " before paying or satisfying " the vendor therefor, is defective in not charging that defendant sold the property without giving the notes as provided by the contract.

2.   ———— : ———— : ————, : PRESUMPTION.   The law implies that a payment is made in lawful money, and, if made in any other manner, the facts should be stated, in order that the court may determine whether or not what was done constituted payment.

*Appeal from   Scotland   Circuit   Court.*—HON.  BEN.  E. TURNER,  Judge.

AFFIRMED.

*John M. Wood*, Attorney General, for the State.

There is a direct charge that the goods were to be paid for on delivery,  and  that  the  defendants  had agreed to give, and the corporation had agreed to receive,

notes, secured by mortgage on the machine as payment. This makes it an agreement to pay for the machine upon the delivery thereof, and is as much so as if the payment agreed upon was to have been made in money. Where there is an agreement to that effect, a promissory note received for a debt is payment of that debt. 33 Mo. 583; 80 Mo. 47; 20 Mo. App. 82; 21 Mo. App. 512; *Appleton v. Kennon*, 19 Mo. 637; *Black v. Dorman*, 51 Mo. 31; *Rigg v. Goodrich*, 74 Mo. 108; *Leabo v. Goode*, 67 Mo. 126; R. S. 1889, sec. 3564.

MACFARLANE, J.—Defendants were indicted for an alleged violation of section 1335, Revised Statutes, 1879. A demurrer to the indictment was sustained, and the state appealed.

The indictment stated in substance that defendant, with intent to cheat and defraud, purchased of C. Aultman & Co. certain specified farm machinery for the price of $1,850, to be paid for on delivery, at Memphis in Scotland county, "with three notes of amounts and due as follows, to-wit, note for $650, due January 1, 1890; note for $650, due January 1, 1891; and note for $550, due January 1, 1892, and further agreed to give, in security of the foregoing notes, a first mortgage on said machinery," and with intent to cheat and defraud the said C. Aultman & Co., after obtaining possession of said machinery "under said contract and agreement aforesaid, unlawfully and feloniously did sell, dispose of and transfer" the same, "before paying or satisfying the said C. Aultman & Co., the owner, or his agent, clerk or servant therefor."

Such part of said section 1335, as is applicable to the offense with which the indictment undertook to charge defendants is as follows: "Every person who shall, with intent to cheat or defraud another, * * * agree or contract with such other person or his agent, clerk or servant for the purchase of any goods, wares,

VOL. 106—11

merchandise or other property whatsoever, to be paid for upon delivery, and shall, in pursuance of such intent to cheat and defraud, after obtaining possession of any such property, sell, transfer, secrete or dispose of the same before paying or satisfying the owner or his agent, clerk or servant therefor, shall upon conviction thereof be punished in the same manner and to the same extent as for feloniously stealing the money, property or thing so obtained."

We think the ruling of the circuit court in sustaining the demurrer correct. The indictment should have charged that the defendants disposed of the property without giving the notes as provided by the contract. In view of the provisions of this contract the charge in the indictment that defendants disposed of the property before "paying" for it was a statement of a mere legal conclusion. The law implies that a payment is made in lawful money, and if made in any other manner the facts should be stated in order that the court may determine whether what was done constituted payment. The charge in the indictment implied that a money payment was required before the property could be disposed of by the defendants, while the agreement, as stated, was, that notes and a mortgage on the property, made by the defendants, would give them full right to the property, and its disposal, subject to the mortgage. The indictment should have charged that these conditions were not performed before the property was disposed of to another. Judgment affirmed. All concur.